George Hofmann (10005)
Michael D. Kendall (11404)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for David L. Miller,
Chapter 7 Trustee

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| In re | Bankruptcy No.  12-30318 (WTT) |
|---|---|
| EDMUND WILSON and MARY WILSON, | Chapter 7 |
| Debtors. | |

---

### TRUSTEE'S MOTION TO APPROVE BID PROCEDURES FOR SALE OF PROPERTY OR, IN THE ALTERNATIVE, TO ABANDON PROPERTY

---

David L. Miller, in his capacity as Chapter 7 Trustee (the "**Trustee**") of the

bankruptcy estate of Edmund Wilson and Mary Wilson (the "**Debtors**"), through

counsel, respectfully moves the Court pursuant to Bankruptcy Code §§ 105 and 363

and Federal Rules of Bankruptcy Procedure 2002 and 6004, for an order approving bid

procedures for sale of certain property or, in the alternative, to abandon the property.  In

support of this motion, the Trustee respectfully represents as follows:

{00183941.DOCX /}

## GENERAL BACKGROUND

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On August 13, 2012, the Debtors filed a voluntary Chapter 11 petition, thereby commencing the above-captioned case.   By order dated October 4, 2012, the Debtors' case was converted to one under Chapter 7 of the Bankruptcy Code.

3.      On January 7, 2013, the Trustee was appointed as the Chapter 7 Trustee. The Trustee is the third appointed Chapter 7 trustee in this case.

## THE PROPERTY

4.      Based on the Trustee's investigation of the Debtors' assets, the Debtors turned over to the Trustee the following property (collectively, the "**Property**"): (1) a certificate that certifies that Edmund Wilson is the owner of 1,000,000 units in SIMPLY 4ME LLC; and (2) a certificate that certifies that Edmund Wilson is the owner of 500,000 shares of stock in S 4 ME INC.  See SIMPLY 4ME LLC certificate attached as **Exhibit A**; see also S 4 ME INC. certificate attached as **Exhibit B**.

5.      The Trustee has attempted to sell the Property to other members of SIMPLY 4ME LLC or shareholders of S 4 ME INC. without success.

## RELIEF REQUESTED

9.      The Trustee requests entry of an order approving bidding procedures for the sale of the Property at auction.  To summarize, if the Trustee receives at least one written offer to purchase the Property, or any part of it, for at least $5,000 then the

Trustee proposes to sell the Property.  If more than one party submits a written offer to purchase the Property for an amount equal to or in excess of $5,000, then the Trustee proposes to conduct an auction to sell the Property.

10.     If no party submits a written offer to purchase the Property for an amount equal to or in excess of $5,000, then the Trustee will abandon the Property.

## BIDDING PROCEDURES

11.     The Trustee proposes to advertise the Property for sale by giving notice of the Motion to all parties in interest listed on the bankruptcy mailing matrix in this case.

12.     In addition, the Trustee will advertise the Property for sale online on Craigslist, KSL.com or similar online advertising sites.

13.     In order for a potential buyer (each, a "Potential Bidder") to participate in the sale process, the Potential Bidder must deliver to the Trustee a written, irrevocable, non-contingent offer to purchase the Property, or part of it, in excess of $5,000.

14.     A Potential Bidder that desires to make a bid shall deliver a written copy of his or her bid to the Trustee as follows:  George Hofmann, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111 not later than 4:00 p.m. on April 22, 2014 (the "**Bid Deadline**").  The Trustee may extend the Bid Deadline once or successively, but is not obligated to do so.

15.     If the Trustee does not receive any qualified bids by the Bid Deadline, then the Trustee will proceed to abandon the Property.  If the Trustee receives only one qualified bid by the Bid Deadline, the Trustee will file a separate motion to approve that qualified bid as the Purchaser of the Property.

16. If the Trustee receives more than one bid for the Property then the Trustee shall conduct an auction (the "Auction") of the Property. The Auction shall take place at 10:00 a.m. (MST) on May 6, 2014 at the offices of counsel for the Trustee, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111. At the Trustee's discretion, qualified bidders may participate in the Auction by telephone. The Trustee may extend the date for the Auction once or successively, but is not obligated to do so.

17. The Trustee may commence the Auction by entertaining bids for all of the Property, or any part of it separately, in his discretion. The Trustee thereafter may offer the Property in such successive rounds as the Trustee determines to be appropriate so as to obtain the highest or otherwise best bid or combinations of bids for the Property. The Trustee also may set opening bid amounts in each round of bidding as the Trustee determines to be appropriate.

18. Upon conclusion of the Auction, the Trustee shall identify the highest and otherwise best offer for the Property (the "**Successful Bid**"). The Trustee will then file a separate motion to approve the sale in accordance with the Successful Bid.

## APPLICABLE AUTHORITY

### A. Bid Procedures

19. Bankruptcy Code § 363 provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside of the ordinary course of business, the Trustee must show four requirements:

"(1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith." In re Medical Software Solutions, 286 B.R. 431 (Bankr. D. Utah 2002); accord Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (identifying the "sound business purpose" test); In re Abbotts Dairies of Penn., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification test of Lionel, and adding the "good faith" requirement).

20.    In general, bankruptcy courts often defer to a trustee's business judgment regarding the sale of estate assets, unless such decision is arbitrary and capricious. See In re Curlew Valley Assocs., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a trustee's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." Curlew Valley, 14 B.R., at 513-14 (footnotes omitted).

21.    The Trustee has sound business reasons for the proposed sale. This is a Chapter 7 case, and as such, the Property must be liquidated.

22.    The Trustee submits that this Motion, together with the proposed online advertising, provides ample notice to parties in interest of the proposed sale.

23.    The Trustee believes that the proposed sale price is fair. Given the nature of the Property and SimplyME shareholders unwillingness to purchase the Property, to

date, the Trustee believes that the Property is limited in value.  If at least one party is

willing to bid $5,000 for the Property, then the estate will receive that benefit.

24.     If, on the other hand, the Property has no value, then it is burdensome to

the estate, and abandonment will be in the best interest of the estate because

abandonment will facilitate the Trustee in expeditiously closing this bankruptcy estate.

**B.      The Sale Satisfies the Requirements of Bankruptcy Code § 363(f) for a Sale Free and Clear of Liens, Claims, Encumbrances and Interests**

25.     Pursuant to Bankruptcy Code § 363(f), the Trustee may sell Property free

and clear of any lien, claim, or interest in such property, if, among other things:

(1)     applicable nonbankrutpcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

26.     Because Bankruptcy Code § 363(f) is drafted in the disjunctive,

satisfaction of any one of the five requirements will be sufficient to permit the sale of the

Property free and clear of liens, claims, encumbrances, pledges, mortgages, security

interests, charges, options, and other interests (collectively, the "Interests").  The

Trustee does not believe that any third-party holds a legitimate Interest in the Property.

27.     Since no party holds a legitimate Interest in the Property, the Property

may be sold free and clear of Interests pursuant to Bankruptcy Code § 363(f)(4).  Under

this provision, the Court need only find that there is an objective basis for either a factual or legal dispute as to the validity of the interest. <u>Union Planters Bank v. Burns (In re Gaylord Grain L.L.C.)</u>, 306 B.R. 624 (8th Cir. B.A.P. 2004) (citing cases).

**WHEREFORE**, the Trustee respectfully requests entry of an order (i) approving bid procedures in connection with the sale of the Property if the Trustee receives at least one qualified bid to purchase the Property; (ii) authorizing the sale of the Property free and clear of liens, claims, encumbrances and interests; (iii) if the Trustee does not receive at least one qualified bid, the Trustee may abandon the Property; and (iv) granting the Trustee such other and further relief as the Court deems just and proper.

DATED: January 22, 2014

PARSONS KINGHORN HARRIS
*A Professional Corporation*

/s/ Michael D. Kendall
George Hofmann
Michael D. Kendall
Attorneys for the Trustee

# Exhibit A



Organized Under the Laws of
the State of New York

NUMBER
5

UNITS
1,000,000

# SIMPLY 4ME LLC

**This Certifies that** _Ed Wilson_ **is the owner of**
_One Million_ Units of the above

Limited Liability Company transferable only on the books of the Limited Liability Company by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed. Transfer of these Units is subject to restrictions in the Operating Agreement/Company Agreement/Regulations for this Limited Liability Company.

The Company will furnish without charge to each Unit holder who so requests, the powers, designations, preferences and relative participation rights of Unit holders and the qualifications, limitations or restrictions of such rights.

In Witness Whereof the said Limited Liability Company has caused this Certificate to be signed by its duly authorized Member(s)/Manager(s) and to be sealed with the Seal of the Limited Liability Company.

Dated _02/19/2010_

TCC-11-LLC

© 2000, Beaulieu Industries, Inc.



# Exhibit B



The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations. Additional abbreviations may also be used though not in the list.

TEN COM   – as tenants in common
TEN ENT   – as tenants by the entireties
JT TEN     – as joint tenants with right of survivorship
             and not as tenants in common

UNIF GIFT MIN ACT – _____ Custodian _____
                        (Minor)
                 under Uniform Gifts to Minors Act
                 _____
                    (State)
UNIF TRF MIN ACT – _____ Custodian _____
                        (Minor)
                 under Uniform Transfer to Minors Act
                 _____
                    (State)

**For value received, the undersigned hereby sells, assigns and transfers unto**

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE

_____

*Shares*
*represented by the within Certificate, and hereby irrevocably constitutes and appoints*

_____

*Attorney to transfer the said*
*shares on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated,*_____

*In presence of*

_____

NOTICE: The signature to this assignment must correspond with the name as written upon the face of the certificate in every particular without alteration or enlargement, or any change whatever.